UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY VAUGHN | CIVIL ACTION |
| VERSUS | NO. 1:18-cv-90 |
| BUCKELEW HARDWARE COMPANY INC. EMPLOYEES DEF PSP, JOHN E. HUNSICKER, JR., MILTON E. KELLEY, ASCENSUS TRUST COMPANY, AND EAST BAY RESTAURANT SUPPLY, INC. | **ERISA CASE** |

**COMPLAINT**

Plaintiff, **Tracy Vaughn**, a resident of Boyce, Louisiana, by and through undersigned counsel, for her complaint alleges:

**I.   Jurisdiction and Venue.**

**ERISA Claim.**

1. This is a civil action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

2. This Court has original jurisdiction over the ERISA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any related, non-preempted state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court because all or part of Plaintiff's claims for relief arose in Louisiana and the defendants had offices and are doing business within the Western District of Louisiana.

**II.   The Parties.**

4. Made defendant is the **Buckelew Hardware Company, Inc. Employees DEF PSP** ("Plan"). The Plan is an employee benefit plan as defined in ERISA Section

3(2)(A), 29 U.S.C. § 1002(2)(A), and provides for individual participant accounts pursuant to ERISA Section 404(c), 29 U.S.C. § 1104(c).

5. Made defendant is **John E. Hunsicker, Jr.**, a resident of Keatchie, Louisiana, is a Plan fiduciary.

6. Made defendant is **Milton E. Kelley**, as the Plan administrator.

7. Made defendant is **Ascensus Trust Company**, a foreign company doing business in the Western District of La. as a third-party administrator of the **Buckelew Hardware Company, Inc. Employees DEF PSP.**

8. Made defendant is **East Bay Restaurant Supply, Inc.,** located in Oakland, California, with its principal business establishment in Louisiana and Plan Administrator by way of merger with Buckelew's Food Serving Equipment Co., Inc.

### III. Statement of Facts.

9. This action concerns a participant account maintained in the Plan for employee, William Paul Vaughn, who died on May 24, 2012.

10. Plaintiff, Tracy Vaughn was married to William Paul Vaughn in 1965.

11. William Paul Vaughn was employed by Buckelew's Food Serving Equipment Co., Inc.

12. William Paul Vaughn was a Plan participant in the Buckelew Hardware Company, Inc. Employees DEF PSP, 401(k) Plan.

13. William Paul Vaughn designated Tracy Vaughn as his beneficiary to all benefits under the Plan.

14. Plaintiff has made an application for benefits under the Plan.

15. The Plan administrators have not denied the claim but have instructed Plaintiff to first open a Succession. A Succession is not required under law.

16. Plaintiff is entitled to all benefits under the 401(k) Plan estimated to be in excess of $50,000.

17. Plaintiff has made demand on the Plan administrators and fiduciaries and Defendants for copies of all the Plan documents and for further processing of her claim for benefits without result.

18. Plaintiff believes that all administrative proceedings have concluded, or if not, further administrative proceedings would be futile.

19. Plaintiff has attempted to further process her claim through the administrative process but such has been refused by Defendants and any additional administrative process would be futile.

20. ERISA mandates that all plan administrators discharge their duties in the interest of the Plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1).

21. Defendants breached their fiduciary duties to Plaintiff by failing to provide benefits and by failing to process her claim for benefits.

22. Plaintiff is entitled to all Plan benefits under ERISA law.

23. Plaintiff has been denied benefits due her under the Plan, has suffered, and is continued to suffer economic loss as a result.

24. The Plan Administrator and/or Plan fiduciaries under ERISA have an obligation to pay benefits in accordance with the Plan.

25. The Plan Administrator must, pursuant to its fiduciary duties under ERISA, administer the Plan according to its terms and the Beneficiary Information form on file.

**Wherefore**, Plaintiff prays for judgment in her favor as follows:

A. Plaintiff seeks an award of 401(k) benefits under the Employee Retirement Income Security Act of 1974, Section 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B).

B. Plaintiff is entitled to an award of interest in all money that the Defendants should have paid to Plaintiff.

C. Plaintiff is entitled to the benefits estimated to be $50,000 and demands a judgment from this Court ordering the Plan to disburse those benefits to her.

D. Defendants' failure to pay the benefits and wrongful activity has required Plaintiff to hire attorneys to represent her in this matter to recover the benefits due her under the Plan and is due an award of attorney's fees and costs;

E. And such further and additional relief as the facts and law may provide.

Respectfully submitted,

**/s/James F. Willeford**
James F. Willeford (La. No. 13485)
Reagan L. Toledano (La. No. 29687)
**WILLEFORD & TOLEDANO**
201 St. Charles Avenue, Suite 4208
New Orleans, LA 70170
Phone: (504)582-1286; Fax: (313) 692-5927
Email: jimwilleford@willefordlaw.com
*Attorney for Plaintiff, Tracy Vaugh*

Case 1:18-cv-00090-DDD-JPM   Document 1   Filed 01/24/18   Page 5 of 5 PageID #:  5